By the Court.
 

 On June 17, 1926, one M. D. Boich applied for a certificate of public convenience and necessity to operate a motorbus line, consisting of five busses of five passengers each, between the cities of Steubenville and Bridgeport, Ohio, a distance of about 24 miles. Between these termini are Rayland, about 9 miles north of Bridgeport, Brilliant, about 9 miles north of Rayland, and Steubenville, a city, located about 6 miles north of Brilliant. Three protests were filed opposing the application. The Ohio Transit Company, an existing motorbus line carrying passengers between Steubenville and Rayland, through Brilliant, filed its protest. The Wheeling Traction Company, operating interurban cars between Steubenville and Brilliant and between Bridgeport and Rayland on the Ohio side of the Ohio river, also protested. There is no interurban connection on the Ohio side between Brilliant and Rayland. The Wheeling Traction Company also operates an interurban line on the West Virginia side of the Ohio river between Wheeling and Steubenville, crossing the river at that point.
 

 Another protestant was the Pennsylvania Railroad Company, operating a steam line on the Ohio side between Bridgeport and Steubenville, and also another line on the West Virginia side of the Ohio river between Wheeling and a point in West Virginia opposite Steubenville.
 

 
 *97
 
 These protests were all heard together by the commission. After hearing, the Public Utilities Commission made an order effective March 1, 1927, granting to Boich a certificate of public convenience and necessity, authorizing him to operate between Bridgeport and the city of Steubenville upon the condition that no passengers should be taken on or discharged “whose entire ride is intermediate to points between Steubenville and Bridgeport,” and that the certificate issued should be limited to through passengers. Rehearings were asked for and denied by the commission, whereupon the three protestants, the plaintiffs in error, prosecuted error to this court.
 

 Since no passenger pick-up was allowed by the commission at intermediate points between Steubenville and Bridgeport, we have here only the consideration of through service between those termini. The highway route over which the applicant applied for a certificate parallels very closely the existing transportation lines on the west side of the Ohio River.
 

 Steubenville and Bridgeport are municipalities of considerable population, and between them are a number of villages and towns. The valley between, as stated by the commission, “is thickly settled, and the record shows that there is a steady flow of passenger traffic between those two points.” On the east side of the river, in West Virginia, and between Wheeling and a point opposite Steubenville, the Pennsylvania Railroad Company operates six trains a day each way; also on the same side of the river, in West Virginia, the Wheeling Traction Company every half-hour
 
 *98
 
 operates each way between Steubenville and Wheeling, crossing the bridge at Steubenville, making the trip in 1% hours according to their time schedule. However, one witness testified this service is rendered in one hour and 20 minutes; upon arriving at Wheeling, some further time is necessary to cross west by street car over the Ohio river into Bridgeport.
 

 On the Ohio side of the Ohio river are found the following existing lines of transportation, to wit, the Pennsylvania Railroad Company, operating three' trains daily each way between Steubenville and Bridgeport, leaving Steubenville for points south at 11:54 a. m., 5 p. m., and 7:21 p. m., leaving Bridgeport for Steubenville at 6 a. m., 1:15 p. m., and 4:05 p. m. The Wheeling & Lake Erie also operates two trains a day each way from Steubenville by way of Martins Ferry; but the record discloses that this service is very unsatisfactory.
 

 In addition to the line on the West Virginia side of the river, the Wheeling Traction Company operates car service on a 20-minute headway between Steubenville and Brilliant, 6 miles south. South of Brilliant, between Brilliant and Rayland, there is no interurban connection; however, there is traction service between Rayland and Bridgeport. The Ohio Transit Company, one of the plaintiffs in error, operates motorbusses between Steubenville and Rayland upon a 1%-hour schedule, week days, and on a one hour schedule on Saturdays and Sundays; at Rayland a connection can be made with the Wheeling Traction Company,
 
 *99
 
 operating a one-half hour service between Rayland and Bridgeport.
 

 Several witnesses were called by the applicant, who testified to the necessity of further service and of the inadequacy of the service on the present existing transportation lines. Other witnesses were also offered by the applicant, who were not heard by the commission, because it felt that their testimony would be cumulative merely. There was testimony to the effect that the existing transportation lines, especially those east of the Ohio river, accrued to the advantage of the business interests of West Virginia and that they were unsatisfactory to the business interests of that part of Ohio immediately west of the Ohio river.
 

 The protests of the existing transportation lines rest largely on the evidence offered by them showing their time schedules between Steubenville and Bridgeport. They rely largely upon these schedules as sustaining their contention that the service between Steubenville and Bridgeport is adequate. On the West Virginia side of the river there are six trains a day each way on the Pennsylvania Railroad, but to reach either Steubenville or Bridgeport other connections have to be made to get across the Ohio river to those termini. On the same side of the river the Wheeling Traction Company, as stated, has half-hour service between Steubenville and Wheeling, and further time is necessary to cross the Ohio river between Wheeling and Bridgeport by street car.
 

 Necessarily the public convenience and necessity would be ¡much better served, as the commission found, by through bus service between Steubenville and Bridgeport on the Ohio side. The applicant’s schedule discloses that the time of his trip between
 
 *100
 
 Bridgeport and Steubenville is one hour, and that his time schedule between those points is hourly between 7 a. m. and 8 p. m. It is manifest from the record that there was little public convenience by way of transportation on the two steam lines on the west side of the Ohio river between Steuben-ville and Bridgeport, since the Pennsylvania Railroad ran but three trains per day each way, while the Wheeling and Lake Erie operated two trains daily each way, and this service was very unsatisfactory. This left, therefore, for the consideration of the commission, the other transportation facilities between Steubenville and Bridgeport.
 

 The Ohio Transit Company, affiliated with the traction company, has motorbus transportation between Steubenville and Rayland about 15 miles south, where connection is made with the traction company for Bridgeport. Under the existing transportation system in that valley west of the river, if a through passenger between Bridgeport and Steubenville embarks on the Wheeling Traction Company line at Steubenville he would have to make two connections for Bridgeport, one at Brilliant and another at Rayland; if he uses the bus line of the Ohio Transit Company, in going to or from Steubenville or Bridgeport, he must make connection with the traction company at Rayland.
 

 Referring to this inadequacy of service, the commission in its order said:
 

 “It was evident from the testimony adduced at this hearing that the through service is not reasonably adequate nor such as this densely populated valley is entitled to. The objections are that transfers are necessary and that the combined running
 
 *101
 
 time of the bus-traction car lines does not meet the convenience of the traveling public between the two points.”
 

 The commission found that the service rendered by the protestants in this territory was not such as met the necessity and convenience of the traveling public and the residents of the territory proposed to be served, and was not reasonably adequate in that respect.
 

 When consideration is given to the character of service rendered by the existing transportation companies, especially on the west side of the river, and also to the public necessity and convenience of the territory sought to be served, this court is unable to say that the order of the commission was unlawful or unreasonable, or that the evidence did not justify the order of the commission granting to the applicant the certificate for through service, without the right of pick-up, between Steubenville and Bridgeport. “This court will not substitute its own judgment for that of the commission unless an order based thereon is against the manifest weight of the evidence.”
 
 Lykins
 
 v.
 
 Public Utilities
 
 Commission, 115 Ohio St., 376, 154 N. E., 249.
 

 The order of the commission is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.