By the Court.
 

 The questions presented in this proceeding are stated by counsel for plaintiff in error as follows: First, the evidence adduced on the hearing does not establish that the public convenience and necessity require the increase of capacity applied for as to either certificate No. 407 or certificate No. 408. Second, the Public Utilities Commission, in its order overruling the application for rehearing, erroneously held that Section 614-94a, General Code, permits an increase in capacity under irregular certificate No. 408 without showing convenience and necessity.
 

 From a consideration of the record, the arguments, and briefs of counsel, we are of opinion that the entire controversy centers around a question of
 
 *66
 
 fact, which is whether public convenience and necessity require the increase in the capacity of the vehicles to be used under, certificates Nos. 407 and 408 of the Norwalk Truck Line. No questions of law are presented that have not been heretofore passed upon by this court.
 

 The record disclosing evidence in support of the findings of the commission upon the questions of fact presented, this court will not substitute its judgment for that of the commission, and the company’s order in the premises is therefore affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.