By the Court.
 

 This is a proceeding in error to reverse an order made by the Public Utilities Commission of Ohio, authorizing a motor transportation company to increase its equipment.
 

 The Liberty Highway Company is a motor-truck, freight transportation company operating between Detroit, Michigan, and Toledo,. Ohio, and between Toledo and Cleveland, including intermediate points. Its equipment consisted of 54 motor-trucks and trailers, with an average carrying capacity of 285 tons, in round figures. It held two certificates issued by the Public Utilities Commission; one covering a regular route between Detroit and Cleveland,
 
 *391
 
 through Toledo, and intermediate points; the other covering an irregular route for the transporting of freight originating in Toledo, or originating elsewhere, and destined to Toledo. Application was made to the Public Utilities Commission for the right to add 24 other motor vehicles, with an aggregate average tonnage of 100 tons, in round figures; the Liberty Highway Company alleging that this additional increase in equipment was necessary to take care of the increased business that had developed in the territory designated. The 54 items of equipment were certificated for both routes, and the additional equipment was to be likewise so certificated. Due notice was given, as required by law, of the filing of this application. The time was fixed by the commission for the hearing of the application, and due notice was given by the commission to 32 other motor transportation companies and railroads operating in parts of the same territory.
 

 A protest was filed by the Lake Shore Electric Railway Company, and also by the New York Central Railroad Company, the latter filing its protest as, an entry of its appearance in the case and for the purpose of taking any action that that company might thereafter desire to take. The Lake Shore Electric Railway .Company was the only protestant that appeared and took active part in the proceedings.
 

 Numerous witnesses were called by the applicant to sustain the claims made in the application. The Lake Shore Electric Railway Company called but one witness, its claim agent, who testified that in his opinion the increase in the equipment asked for was not necessary, and that such increase of equipment
 
 *392
 
 would, in Ms opinion, operate to the disadvantage of his company. After a full hearing, the commission decided to grant the application for the increased equipment, and entered an order covering its finding of facts and its decision with respect thereto.
 

 The Lake Shore Electric Railway Company prosecutes error to this court, claiming: (1) That the finding and decision of the commission was not sustained by the evidence and was manifestly contrary to the evidence; (2) that a previous application of the Liberty Highway Company for a like increase of equipment had been heard some months prior thereto, and decided adversely to that motor company; (3) that the commission omitted to make any finding of inadequacy of existing transportation facilities, and placed the burden upon the protestants to prove that they would obtain at least some of the additional business claimed by the applicant to exist; (4) that the commission erred in holding that, as the kind and character of service offered by the applicant was of a somewhat different nature from that offered by the protestants, that justified the granting of the application.
 

 It was further contended that if the necessity for increased service existed, it arose by reason of the fact that the Liberty Highway Company, without authority from the Public Utilities Commission so to do, had theretofore increased its equipment from time to time, and had thereby gathered unto itself business that it could not have procured but for such unwarranted increase of its equipment, and that, after thus creating this unwarranted situation, it had then come in and sought to have the additional
 
 *393
 
 equipment certified so that it might have authority for continuing the use of the increased equipment which it had so put,into service unlawfully.
 

 With respect to the claim that the finding of the commission is at variance with and not sustained by the evidence, and is manifestly against the evidence, we have only to say that there is important evidence in the record sustaining the findings of the commission.
 

 Answering the claim of the protestants that the questions presented have been adjudicated, by a former hearing, adversely to the Liberty Highway Company, it is sufficient to say that this former finding had no reference to the conditions existing when this increase of equipment was authorized, and is no part of the record in this case.
 

 Answering the third contention, that the commission failed to find that the existing transportation companies were not giving adequate and sufficient service, it may be said that the commission surely did find that public necessity and convenience required the additional equipment to care for the kind of service which had theretofore been rendered by the Liberty Highway Company, that is to say, that the freight should be gathered from the places of business of the shippers and distributed to the places of business of the consignees by the Liberty Highway Company, instead of being received and delivered at freight depots only, in accord with the customary service rendered by the Lake Shore Electric Railway Company, and the commission found and decided that the increase of equipment as prayed for would in no wise injure the protestant.
 

 The questions involved in this case have been
 
 *394
 
 fully covered in the following decisions of this court:
 
 McLain
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., (1, 12, 143 N. E., 381;
 
 Bennett Bros.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 103, 108, 155 N. E., 795;
 
 Erie Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 710, 715, 157 N. E., 382;
 
 Ohio Valley Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 117 Ohio St., 95, 101, 158 N. E., 182;
 
 Lake Shore Electric Ry. Co.
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 61, 162 N. E., 279.
 

 It would serve no useful purpose to here repeat that which was said in the cases cited.
 

 The order of the Public Utilities Commission will be affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.